IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PHILIP L. ODOM, SR.,
    Plaintiff,

vs.                                  Case No.: 3:07cv267/RV/EMT

SANTA ROSA COUNTY JAIL, et al.,
    Defendants.
_____/

## ORDER

        This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. §1983 (Doc. 1).  Leave to proceed in forma pauperis has been granted (Doc. 4).  From a review of the complaint, it is evident that the facts as presented fail to support a viable claim for relief under section 1983 as to the named Defendants.  Therefore, the court will allow Plaintiff an opportunity to clarify his allegations in an amended complaint.

        Plaintiff, an inmate of the state penal system, names three Defendants in this action:  the Santa Rosa County Jail (the Jail), PHS Management, and Sheriff Wendall Hall (Doc. 1 at 1). Plaintiff alleges that on March 10, 2007,[1] Deputy Joseph Burgess struck him on the back of the head with a flashlight, causing internal and external bleeding (Doc. 1 at 5).  Plaintiff underwent treatment at a Baptist Hospital in Escambia County, and on March 15, 2007, Plaintiff was released into the care of the Lakeview Center for psychological evaluation (*id.* at 6).  After Plaintiff was released by Lakeview on March 20, 2007, he was taken into custody by Escambia County deputies on March 23 (*id.*).  He was then transferred to the Jail (*id.*).  Plaintiff alleges that he has the financial ability to post bond, but he cannot place a collect call to his credit union from the Jail (*id.*).  He further

---

[1]The court assumes that Plaintiff intended to state March rather than May as he indicated.  All of the other events that precipitated this complaint, as described in Plaintiff's statement of facts, occurred subsequent to March 10 and prior to May 10; therefore, the statement of the facts would be nonsensical if the original event occurred on May 10.  Plaintiff should clarify this date in his amended complaint.

alleges he has been refused a professional bond (*id*. at 7). Plaintiff further claims that a deputy falsified the arrest report (*id.*). He also claims that he has been refused access to the law library and is "unable" to meet with his public defender regarding his pre-trial release (*id*.). Finally, he claims he is a victim of "white slavery" (*id*.). As relief, Plaintiff seeks release from prison until his trial date (*id*.).

Initially, Plaintiff is advised that the Jail is not a proper Defendant. Florida law does not recognize a jail facility as a legal entity separate and apart from the county or sheriff. *See* Eddy v. City of Miami, 715 F. Supp. 1553, 1556 (S.D. Fla. 1999) (indicating that department which is integral part of local government's policing function is not an entity subject to suit under § 1983); Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (same); Avant v. Rice, No. 91-748-CIV-T-17A, 1992 WL 359633, at *6 (M.D. Fla. Nov. 19, 1992) (unpublished opinion) (holding that county jail is not an actionable legal entity because it does not enjoy a separate legal existence independent of the county or the sheriff's office); Mayes v. Elrod, 470 F. Supp. 1188, 1192 (N.D. Ill. 1979) (same). For claims against a sheriff's department or a county jail, the appropriate defendant is the Sheriff in his official capacity. *See* Mitchell v. Untreiner, 421 F.Supp. 886, 888 (N.D. Fla. 1976) (referring to Sheriff of Escambia County, Florida as "the Chief Jailer of the Escambia County Jail"); Avant, *supra*, at *6; Hobbs v. Holmes County Sheriff's Department, No. 5:04cv82/RH (N.D. Fla.), Doc. 10 at 3 ("For claims against the [Holmes County] Sheriff's Department, the appropriate defendant is the Sheriff, Dennis Lee, in his official capacity."). Inasmuch as Plaintiff has already named Sheriff Hall as a Defendant and clearly is suing him in his official capacity, Plaintiff should delete the Jail as a defendant. *See* Brown v. Neumann, 188 F.3d 1289, 1290 (11th Cir. 1999); Washington v. Bauer, 149 Fed. Appx. 867, 871 n.1 (11th Cir. 2005); *see e.g,* Hobbs, *supra*, Doc. 10 at 3 (dismissing claims against Holmes County Sheriff's Department where plaintiff sued Sheriff Dennis Lee in his official capacity); Erickson v. Hunter, No. 95-387-CIV-FTM-17D, 1996 WL 427769, at *1 (finding it "redundant and unnecessary" to name the Collier County Sheriff's Office as a defendant where plaintiff named the Sheriff of Collier County in his official capacity).

Furthermore, Plaintiff has failed to state a basis for liability as to Sheriff Hall. Supervisory officials are not liable under section 1983 for the unconstitutional acts of their subordinates on the

basis of respondeat superior or vicarious liability. *See* Cottone v. Jenne, 362 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citations omitted). Supervisory liability may occur, however, either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation. *Id.* (citation omitted). This connection may be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so, or when a supervisor's custom or policy 'result[s] in deliberate indifference to constitutional rights' or when facts support 'an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.'" *Id.* (internal quotation marks and citations omitted); Wayne v. Jarvis, 197 F.3d 1098, 1105 (11th Cir. 1999).

Isolated incidents are generally insufficient to establish a supervisor's liability; indeed, the deprivations must be "'obvious, flagrant, rampant and of continued duration . . . .'" Gray ex rel. Alexander v. Bostic, 458 F.3d 1295, 1308 (11th Cir. 2006) (quoting Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999)). Furthermore, filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied. Wayne, 197 F.3d at 1106; Weaver v. Toombs, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd*, 915 F.2d 1574 (6th Cir. 1990); *see also* Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Knowledge imputed to the supervisor "must be so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights." Tittle v. Jefferson County Com'n, 10 F.3d 1535, 1542 (11th Cir. 1994). The failure to act or implement policy must be in the face of repeated violations or other indicators signifying a strong likelihood that the situation will recur. *See* Harris v. City of Marion, 79 F.3d 56, 58–59 (7th Cir. 1996). Supervisors are generally entitled to rely on their subordinates to respond appropriately to situations absent clear or widespread evidence to the contrary. "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." Cottone, 362 F.3d at 1360 (internal quotation marks and citation omitted).

In the instant case, Plaintiff does not allege facts showing that Sheriff Hall personally participated in the alleged constitutional violations, that the violations occurred as a result of Jail policy, or that there was otherwise a causal connection between the actions of Sheriff Hall and the alleged constitutional violations. Therefore, Plaintiff should delete Sheriff Hall as a Defendant or allege facts showing a basis for his liability.

Likewise, Plaintiff has failed to state a basis for liability as to Defendant PHS Management. Although Plaintiff names PHS Management as a Defendant, he does not reference this entity in the statement of the facts. To the extent Plaintiff seeks to hold this Defendant liable for refusing to give him a professional bond, he cannot bring a claim under § 1983. It is well recognized that in any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

> 1. whether the conduct complained of was committed by a person acting under color of state law; and
>
> 2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

Parratt v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908, 1912, 68 L. Ed. 2d 420, 428 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); Duke v. Cleland, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing Parratt). A private party does not normally act under color of state law and is therefore not subject to suit under section 1983. *See* Dennis v. Sparks, 449 U.S. 24, 27–29, 101 S. Ct. 183, 186, 66 L. Ed. 2d 185 (1980); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152, 90 S. Ct. 1598, 1605, 26 L. Ed. 2d 142 (1970). "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). Thus, Plaintiff must allege facts showing that PHS Management acted under color of state law, or he should delete this Defendant from his amended complaint.

Plaintiff must also clarify his allegations with respect to his claim of false arrest. The elements of a claim for false arrest are a warrantless, malicious arrest or deprivation of liberty without probable cause. Baker v. McCollan, 443 U.S. 137, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979); Von Stein v. Brescher, 904 F.2d 572 (11th Cir. 1990). However, a claim of false arrest is barred by

the existence of probable cause or by the subsequent conviction of the accused.  *See* Marx v. Gumbinner, 905 F.2d 1503 (11th Cir. 1990); Cameron v. Fogarty, 806 F.2d 380, 387 (2d Cir. 1986).

A law enforcement officer has probable cause to arrest a suspect if the facts and circumstances within the officer's knowledge, of which he has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.  The existence of probable cause to arrest is based on objective standards.  Von Stein, 904 F.2d at 578 (citations omitted).  Thus, the level of proof needed to make a probable cause determination is conspicuously less than that which is needed to obtain a conviction, and the fact that a criminal defendant is later acquitted or released does not by itself mean that probable cause was initially lacking.  Marx, 905 F.2d at 1507; Von Stein, 904 F.2d at 578 n.9.

Further, when qualified immunity is asserted as an affirmative defense to a civil action, the standard becomes even more stringent.  To overcome qualified immunity, the plaintiff must additionally show that probable cause could not even have been arguably thought to exist in the eyes of a reasonable officer judging from the facts at hand and the clearly established law at the time.  *See* Jones v. Cannon, 174 F.3d 1271, 1283 (11th Cir. 1999) (citations omitted).  "Indeed, 'it is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and . . . in such cases those officials . . . should not be held personally liable."  Von Stein, 904 F.2d at 579 (quoting Anderson v. Creighton, 483 U.S. 635, 641, 107 S. Ct. 3034, 3040, 97 L. Ed. 2d 523 (1987)).

In the instant case, Plaintiff must clarify whether he was convicted of the crime for which he was arrested and charged.  Additionally,  Plaintiff must clarify each Defendant's role in the alleged false arrest.  Although Plaintiff alleges that an unidentified deputy falsified the arrest report, a deputy is not named as a defendant, and it is unclear how each named Defendant was involved in this alleged constitutional violation.  Furthermore, Plaintiff does not identify which information contained in the arrest report was allegedly falsified.  Additionally, Plaintiff provides no factual support for his allegation that the deputy knew that information contained in the report was false at the time it was written.  Moreover, Plaintiff is reminded that even if he was not convicted, the fact

that the evidence was insufficient to support a conviction does not mean that the information upon which the arrest was based did not constitute arguable probable cause to support an arrest.

Plaintiff should also clarify his allegations regarding denial of access to the law library at the jail and his inability to see his attorney. This allegation can be construed as a lack of access to the courts, and it is settled law that interference with an inmate's access to the courts is a violation of a First Amendment right actionable under section 1983. Lewis v. Casey, 518 U.S. 343, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996); Bounds v. Smith, 430 U.S. 817, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977); Chandler v. Baird, 926 F.2d 1057 (11th Cir. 1991). However, as established in Lewis, to successfully allege a constitutional violation based upon a denial of access to courts, Plaintiff must specifically show how he was actually harmed or prejudiced with respect to the litigation in which he was involved. Lewis, 518 U.S. at 350–51. The type of prejudice that is deficient in the constitutional sense is that which hinders the inmate's ability to actually proceed with his claim; there is no constitutional mandate "to suggest that the State must enable the prisoner to discover grievances, and to litigate effectively once in court." *Id.* at 353. Importantly, "the injury requirement is not satisfied by just any type of frustrated legal claim." *Id.* at 354. Plaintiff must show that he was prejudiced in a criminal appeal or post-conviction matter, or in a civil rights action seeking "to vindicate 'basic constitutional rights.'" *Id.* at 354–55 (quoting Wolff v. McDonnell, 418 U.S. 539, 579, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974)). Furthermore, he must allege actual injury "such as a denial or dismissal" and show that presentation of his case was impeded because of Defendants' actions. Wilson v. Blankenship, 163 F.3d 1284, 1290–91 (11th Cir. 1998) (citing Lewis); *see also* Bass v. Singletary, 143 F.3d 1442, 1445–46 (11th Cir. 1998). So long as Plaintiff was able to litigate his claim, he cannot demonstrate that he was unconstitutionally denied access to the courts. Wilson, 163 F.3d at 1291. Moreover, Plaintiff cannot show an injury unless he shows that the case he was unable to pursue had arguable merit. Lewis, 581 U.S. at 353 n.3; Wilson,163 F.3d at 1291.

In the instant case, Plaintiff admits he is represented by an attorney in his criminal case, and he does not clearly state how any of the named Defendants deprived him of access to his attorney, or how his criminal case was impeded by Defendants' actions. Plaintiff is advised that he should either amend this portion of his complaint to clearly allege how a named Defendant has injured him

in a manner comporting with the aforementioned grounds. If insufficient facts exist to state a claim, he should omit this claim from his amended complaint.

Lastly, the relief Plaintiff seeks cannot be granted in a section 1983 action. Plaintiff seeks release from jail until his court date. Assuming, arguendo, that his allegations of unconstitutional conditions at the Jail were proven, Plaintiff still would not be entitled to release from Jail; the appropriate remedy would be to enjoin continuance of any practices or require correction of any conditions causing the constitutional violations. *See* Gomez v. United States, 899 F.2d 1124, 1126–27 (11th Cir. 1990) (citing Preiser v. Rodriguez, 411 U.S. 475, 499, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973)) (other citations omitted). Therefore, Plaintiff cannot obtain the relief he seeks through a § 1983 action.

Plaintiff should carefully review the foregoing to determine whether he desires to proceed with this action. If Plaintiff determines that he does not, he should file with the court a notice of voluntary dismissal. If Plaintiff chooses to file an amended complaint, he must completely fill out a new civil rights complaint form, marking it "**Amended Complaint**." Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form. In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. If Plaintiff cannot state exactly how a particular Defendant harmed him, he should delete or drop that person as a Defendant from his complaint. In the section entitled "Statement of Claim," Plaintiff must state what rights or statutes he contends have been violated, and he must provide support in the statement of facts for the claimed violations. Plaintiff is advised that the amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded. N.D. Fla. Loc. R. 15.1.

Case No.: 3:07cv267/RV/EMT

Accordingly, it is **ORDERED**:

1. The clerk of court is directed to forward to Plaintiff a civil rights complaint form for use by prisoners in actions under 42 U.S.C. § 1983. This case number should be written on the form.

2. Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall file an amended civil rights complaint, which shall be typed or clearly written and submitted on the court form. In the alternative, Plaintiff shall file a notice of voluntary dismissal within the same time period.

3. Failure to comply with this order may result in dismissal of this action.

**DONE AND ORDERED** this 12th day of July 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**