IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PHILIP LANDEL ODOM,
    Plaintiff,

vs.                                  Case No.:  3:07cv267/RV/EMT

SANTA ROSA COUNTY JAIL, et al.,
      Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on Plaintiff's motion for either appointment of counsel or dismissal of this civil rights case, filed pursuant to 42 U.S.C. § 1983, without prejudice (Doc. 39). Plaintiff seeks appointment of counsel "to correctly file pleadings" (*id.*). Alternatively, he seeks dismissal of this action without prejudice (*id.*).

It is well established that "[a] civil litigant . . . has no absolute constitutional right to the appointment of counsel." Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987); Jackson v. Dallas Police Dep't, 811 F.2d 260, 261–62 (5th Cir. 1986) ("There is no automatic right to the appointment of counsel in a section 1983 case."). Title 28 of the United States Code, Section 1915(e)(1) provides for the appointment of counsel for an indigent civil rights plaintiff; however, the court has broad discretion in making the decision whether to appoint counsel. *See* Killian v. Holt, 166 F.3d 1156, 1157 (11th Cir. 1999). Appointment of counsel is "a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Poole, 819 F.2d at 1028; *see also* Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999) (the district court "should appoint counsel only in exceptional circumstances."). An additional consideration is "whether the pro se litigant needs help

in presenting the essential merits of his or her position to the court." Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993).[1]

Upon reviewing the pleadings in this action, the court finds that there are no exceptional circumstances to merit the appointment of counsel. Plaintiff names nine Defendants in this action: the State of Florida; Santa Rosa County Sheriff Wendall Hall; the Santa Rosa County Jail (the Jail); Prison Health Services, Inc.; Deputy Joseph Burgess; Deputy Tammy Cooper; Deputy S. Barber; Dr. Delgado; and the Jail nursing staff (Doc. 9 at 1, 2). Plaintiff alleges that on March 10, 2007, Deputy Joseph Burgess struck him on the back of the head with a flashlight, causing internal and external bleeding (*id.* at 5). Plaintiff underwent treatment at Baptist Hospital in Escambia County, and on March 15, 2007, Plaintiff was involuntarily committed to the Lakeview Center pursuant to The Baker Act, Florida Statutes section 394.451 (*id.*). After Plaintiff was released by Lakeview, he was taken into custody by Escambia County deputies on March 23 and transferred to the Jail on March 26, 2007 (*id.* at 5–6). Plaintiff claims that his incarceration is the result of a falsified arrest report prepared by "deputies" (*id.* at 7). Plaintiff additionally claims that the "Jail administration" denied him access to the law library and illegally took money deposited into his inmate account by Harvester's Federal Credit Union (*id.* at 6). In an unrelated claim, Plaintiff alleges that Doctor Delgado denied him necessary heart medications and treatment for a hernia (*id.* at 6). Plaintiff also states that he still suffers headaches from the head injury (*id.*). Plaintiff claims that Dr. Delgado is denying him access to hospitalization unless he pays for transportation and security, even though Plaintiff receives Medicaid (*id.*). As relief, Plaintiff seeks release from incarceration (*id.* at 7).

These legal issues have been settled in previous cases, and the facts do not appear to be complex. Moreover, the pleadings filed thus far by Plaintiff suggest that he has an ability to

---

[1] As the Fifth Circuit summarized in Jackson v. Dallas Police Dep't, *supra*:

> A district court is not required to appoint counsel unless the case presents "exceptional circumstances." Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). "The existence of such circumstances will turn on the quality of two basic factors—the type and complexity of the case, and the abilities of the individual bringing it." *Id.* at 266 (footnote omitted).

Jackson, 811 F.2d at 261–62.

Case No.: 3:07cv267/RV/EMT

communicate his allegations and litigate his case as well as that of the average pro se litigant. Therefore, Plaintiff is not entitled to appointment of counsel.

Plaintiff states that if counsel is not appointed, he wishes to dismiss this case without prejudice. Rule 41(a)(1)(A)(i) provides that an action may be dismissed without an order of the court by filing a notice of dismissal at any time before the adverse party serves an answer or files a motion for summary judgment. Because Defendants have not yet been served in the instant case, it is clear that Plaintiff is automatically entitled to a voluntary dismissal at this time.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Plaintiff's motion for either appointment of counsel or dismissal of this civil rights case, filed pursuant to 42 U.S.C. § 1983, without prejudice (Doc. 39) be **DENIED** to the extent he seeks appointment of counsel and **GRANTED** to the extent he seeks voluntary dismissal of this action.

2. That this case be **DISMISSED without prejudice**.

At Pensacola, Florida, this 5th day of November 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**